UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIETTE AGNES STALLING,

                Petitioner,

                                        Case Number: 18-11622

v.                                     Honorable Linda V. Parker

SHAWN BREWER,

                Respondent.

_____/

**OPINION & ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1); (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  On May 21, 2018, Charliette Agnes Stalling ("Petitioner"), a state prisoner in the custody of the Michigan Department of Corrections, filed a pro se petition for habeas corpus relief with this Court. (ECF No. 1.)  The petition challenges her convictions for first-degree child abuse and felony murder on the grounds that the trial court erred in admitting other-acts evidence and that her defense counsel was ineffective.  For the reasons that follow, the Court denies the habeas petition.

## I.    Background

On October 8, 2014, a jury in Michigan's Macomb County Circuit Court convicted Petitioner of first-degree child abuse, Mich. Comp. Laws § 750.136b(2),

and felony murder, Mich. Comp. Laws § 750.316(1)(b), for the death of her infant

daughter.  The trial court sentenced Petitioner to life imprisonment without the

possibility of parole for the felony-murder conviction and 225 months to 50 years

for the first-degree child abuse conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising

the same evidentiary and ineffective assistance of counsel claims raised in her

current petition.  The Michigan Court of Appeals set forth the following relevant

facts in its decision affirming Petitioner's convictions:

> This case arises out of the death of defendant's two-
> week-old daughter on October 4, 2013.  Dr. Daniel Spitz,
> the Macomb County Chief Medical Examiner who
> performed the infant's autopsy, determined that the cause
> of death was blunt force trauma with multiple skull
> fractures.  He classified the manner of death as homicide.
> Spitz believed the injuries occurred minutes to hours
> before defendant called emergency medical services
> (EMS) about the infant on October 3, 2013.  In contrast,
> defense witness Dr. Ljubisa Dragovic, the Oakland
> County Chief Medical Examiner, testified that the
> infant's injuries likely occurred three to five days before
> her death, and they may have been caused by someone
> sitting on the child's head.  At trial, defendant also
> introduced three character witnesses, who each testified
> regarding her behavior toward her children and her
> character as a mother.  The witnesses were defendant's
> mother, Judy Stalling, a teacher from school, Christa
> Perde, and defendant's friend, Sharde Stanley.

*People v. Stalling*, No. 325282, 2016 WL 3030867, at *1 (Mich. Ct. App. May 26, 2016). These facts are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

Petitioner sought and was denied leave to appeal by the Michigan Supreme Court. *People v. Stalling*, 895 N.W.2d 525 (Mich. 2017).

Petitioner then filed the pending petition for the writ of habeas corpus. She raises these claims:

> I.    The defendant was denied a fair trial by the introduction of prejudicial evidence of her involvement with Child Protective Services and by denial of her constitutional right to effective assistance of counsel because her trial attorney did not consistently object to this evidence.
>
> II.   The defendant was denied her constitutional right to effective assistance of counsel because her trial attorney did not request an instruction on second-degree child abuse as a lesser included offense of first-degree child abuse.

(ECF No. 1 at Pg ID 17, 20.)

## II.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v.*

4

*Alvarado*, 541 U.S. 652, 664 (2004)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law."  *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  This presumption is rebutted only with clear and convincing evidence.  *Id.*  Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

### A.  Other-Acts Evidence

Petitioner asserts that she was denied a fair trial by the prosecutor's cross-examination of three defense witnesses:  Judy Stalling (Petitioner's mother), Christa Perde (former teacher to Petitioner's son), and Sharde Stanley (Petitioner's friend).  On direct examination, each witness testified about Petitioner's fitness as

a mother.[1]  The prosecutor then questioned these witnesses about Petitioner's

involvement with Child Protective Services, her prior contact with police, a

personal protection order secured by Petitioner's mother against her, her marijuana

use during pregnancy, and the fact that neither of her other two children lived with

her.[2]

The Michigan Court of Appeals held that the evidence was properly

admitted to rebut the testimony of the character witnesses under Rule 405(a) of the

Michigan Rules of Evidence, reasoning:

> In general, evidence of a defendant's character is not
> admissible to show action in conformity therewith.  MRE
> 404(a).  Pursuant to MRE 404(b)(1), other-acts evidence
> is also generally inadmissible "to prove the character of a
> person in order to show action in conformity therewith."
> Such evidence may, however, be admissible to
> demonstrate "proof of motive, opportunity, intent,
> preparation, scheme, plan, or system in doing an act,
> knowledge, identity, or absence of mistake or accident . .
> .."  MRE 404(b)(1).  The prosecutor must provide

---

[1] For example, Perde and Stanley testified that they would feel comfortable leaving their own children in Petitioner's care, and Stanley, in fact, had done so.  (ECF No. 7-11 at Pg ID 1113, 1133.)  Petitioner's mother testified that Petitioner was a good mother, tended to her children's needs, and that she had never seen Petitioner abuse any of her children.  (*Id.* at 1081, 1084.)

[2] For example, Petitioner's mother testified on cross-examination that prior to the infant's death, she had contacted the police in August of 2012 for a personal protection order against the Petitioner and that Petitioner's two other children did not live with her.  (ECF No. 7-11 at Pg ID 1095, 1097, 1098.)

reasonable notice of its intent to introduce other-acts evidence.  MRE 404(b)(2).

Pursuant to MRE 404(a)(1), a defendant may offer evidence of her own pertinent character trait to demonstrate that she would not have committed the crime charged.  *People v. Roper*, 286 Mich.App. 77, 93; 777 N.W.2d 483 (2009).  "Once a defendant introduces character testimony, the prosecution can then rebut that testimony."  *People v. Whitfield*, 425 Mich. 116, 130; 388 N.W.2d 206 (1986).  MRE 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct."  "The valid purpose of such impeachment is to test the credibility of the character witness by challenging the witness'[s] good faith, information, and accuracy."  *Whitfield*, 425 Mich. at 131-132.

Defendant improperly characterizes the prosecutor's questions on cross-examination as attempts to introduce other-acts evidence under MRE 404(b).  However, the prosecutor did not seek to introduce other-acts evidence for any purpose listed in MRE 404(b); rather, the prosecutor's questions were presented under MRE 405(a) to rebut the testimony of defendant's character witnesses.  MRE 404(b) was not implicated.  *See People v. Lukity*, 460 Mich. 484, 498-500; 596 N.W.2d 607 (1999) (explaining that MRE 404(b) is not implicated and notice is not required if other-acts evidence is used to cross-examine witnesses pursuant to MRE 405(a)).

All three of defendant's character witnesses testified on direct examination regarding their opinion of defendant as a mother and her behavior toward her children, which were pertinent character traits to the charge of first-degree child abuse.  By eliciting this testimony,

7

> defendant placed these character traits at issue.
> Essentially, the witnesses asserted that defendant would
> not have abused her daughter because she was a good
> mother.  The prosecutor's questions on cross-
> examination were proper under MRE 405(a) because
> they served to challenge this assertion.  Therefore, the
> trial court did not plainly err by allowing the prosecutor's
> questioning.

*Stalling*, 2016 WL 3030867, at *1-2.

Petitioner is not entitled to habeas relief to the extent she asserts a state law

evidentiary issue.  It is "[n]ot the province of a federal habeas court to reexamine

state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S.

62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding

whether a state court conviction violates the Constitution, laws, or treaties of the

United States.  *Id.*  Errors in the application of state law, especially rulings

involving the admissibility of evidence, are usually not questioned by a federal

habeas court.  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).  This Court

defers to the Michigan Court of Appeals' application of state rules of evidence.

An evidentiary ruling may violate the Due Process Clause (and thereby

provide a basis for habeas relief) where the ruling "is so extremely unfair that its

admission violates 'fundamental conceptions of justice.'"  *Dowling v. United

States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431 U.S. 783,

790 (1977)).  The Supreme Court has "defined the category of infractions that

violate fundamental fairness very narrowly." *Estelle*, 502 U.S. at 73 (1991).  To

violate due process, an evidentiary decision must "offend[ ] some principle of

justice so rooted in the traditions and conscience of our people as to be ranked as

fundamental." *Seymour*, 224 F.3d at 552 (citation omitted).

The disputed evidence was admitted for a proper purpose: to rebut defense

testimony regarding Petitioner's fitness as a mother.  Most of the  evidence in

dispute was of relevant and specific instances of conduct.[3]  Further, the Supreme

Court has not held that a state violates due process by admitting "bad acts

evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Given the state

court's conclusion that the evidence was properly admitted under state law and the

absence of any clearly established Supreme Court precedent prohibiting this type

of testimony, the Court cannot conclude that the admission of this evidence was

unconstitutionally egregious or fundamentally unfair such that Petitioner was

deprived of her right to a fair trial.  Petitioner is not entitled to habeas relief on this

claim.

## B.  Ineffective Assistance of Counsel

---

[3] The testimony regarding police contact or who the Petitioner's children primarily resided with may not have been *relevant* specific instances of conduct to rebut Petitioner's character under MRE 405(a).  Nevertheless, Petitioner is not entitled to habeas relief for a state law evidentiary issue and this Court must defer to the Michigan Court of Appeals' determination regarding the relevancy of the evidence.

Petitioner asserts that her trial counsel was ineffective in two ways. First, she argues counsel should have objected to the prosecutor's cross-examination of her character witnesses. Second, she argues that defense counsel should have requested a jury instruction for second-degree child abuse. Petitioner fails to show that the state court's resolution of these claims was contrary to, or an unreasonable application of, Supreme Court precedent.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "[c]ounsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish that an attorney's deficient performance prejudiced the defense, "the [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "[i]t cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569

10

U.S. 351, 358 (2013)).  In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).  "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*.

The Court first considers Petitioner's argument that counsel should have objected to the prosecutor's cross-examination of her character witnesses.  Defense counsel twice objected to the prosecutor's questions, but only on relevance grounds.  Petitioner argues that counsel should have lodged blanket objections to this entire line of questioning.  The Michigan Court of Appeals held that the prosecutor's questions were proper under Michigan Rule of Evidence 405(a), which allows cross-examination into relevant, specific instances of conduct to rebut character evidence.  *Stalling*, 2016 WL 3030867 at *3.  The court concluded that counsel was not ineffective for failing to object to properly admitted testimony.  *Id.*

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Petitioner fails to show that this testimony was improper under state rules of evidence or that it violated her

right to due process.  She, therefore, cannot establish that counsel was ineffective in failing to object.

Petitioner also argues that counsel was ineffective in failing to request a jury instruction on second-degree child abuse.  At the close of the jury trial, the trial court instructed the jury of the elements of the two counts that Petitioner was charged with; first-degree felony murder with the lesser included charge of second-degree murder, and first-degree child abuse.  (ECF No. 7-12 at Pg ID 1422-26.) Conversely, the trial court indicated to the jury that the verdict form had the options for count two of guilty, not guilty of first-degree child abuse, or guilty of second-degree child abuse.  (*Id.* at 1429.)  Approximately 30 minutes after deliberations commenced, the jury asked the court the elements of second-degree child abuse.  (*Id.* at 1435.)  At this time, both prosecution and defense counsel acknowledged the mistake of including second-degree child abuse on the jury verdict form and asked the court to strike the option and for the jury not to consider the charge.  (*Id.* at 1435-37.)  The jury decided a guilty verdict for the Petitioner on count two, first-degree child abuse.

The argument of ineffective assistance of counsel regarding the jury verdict form was first raised at the trial court in a Motion for a New Trial and was denied. (ECF No. 7-14.)  The Michigan Court of Appeals held that Petitioner failed to overcome the presumption that counsel's decision was sound trial strategy.

12

*Stalling*, 2016 WL 3030867 at *4.  The decision to forego a second-degree child abuse instruction was consistent with the defense argument that Petitioner was not the person who harmed her daughter.  *Id.*  Counsel presented Dr. Dragovic as an expert witness, who testified that the injuries could have occurred several days before the baby's death, meaning that several individuals other than Petitioner may have caused the harm.  The court of appeals concluded that counsel's decision to "force the jury into an all or nothing decision" rather than giving them the option of second-degree child abuse was not ineffective.  *Id.* (quotation omitted).

A decision not to request charges on lesser included offenses may be a reasonable trial strategy.  *See Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005); *see also Harrop v. Sheets*, 430 F. App'x 500, 507 (6th Cir. 2011) (counsel could have reasonably decided not to request a lesser offense instruction because such an instruction "would have diluted the other arguments [counsel] was advancing to the jury").  The decision to pursue an all or nothing defense with the goal of achieving a complete acquittal can be a reasonable one.  *Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th Cir. 2017).  Here, trial counsel may have concluded that, because a second-degree child abuse charge was inconsistent with the defense theory, it was better to forego that instruction and seek a full acquittal.  When the jury verdict form error became known to the court and parties, defense counsel indicated that the second-degree child abuse charge should not have been included

13

on the form and agreed it should be removed.  (ECF No. 7-12 at Pg ID 1437.)  This bolsters the conclusion that the decision not to request the instruction was intentional rather than an oversight.  The state court's adjudication of the claim and deference to counsel's strategic decision was not contrary to, or an unreasonable application of Supreme Court precedent, nor an unreasonable application of federal law or the facts.  *See* Lazaroff, 846 F.3d at 831.  Petitioner, therefore, cannot establish that counsel was ineffective in failing to request a lesser second-degree child-abuse jury instruction.

## IV.   Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

14

The Court finds that jurists of reason could not debate the conclusion that Petitioner has failed to demonstrate an entitlement to habeas relief. Therefore, the Court is denying Petitioner a certificate of appealability.

The Court, however, grants Petitioner leave to appeal in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed in forma pauperis on appeal if she chooses to appeal this decision. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 14, 2021

15

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 14, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager